FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 03, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMUEL ERICK RICHARDSON,<br><br>                Plaintiff,<br><br>v.<br><br>ACTING DIRECTOR SPARBER and SPOKANE COUNTY DETENTION SERVICES ADMINISTRATION & STAFF,<br><br>                Defendants. | NO: 2:19-CV-187-RMP<br><br>ORDER DENYING MOTION FOR INJUNCTIVE RELIEF |

Before the Court is Plaintiff's *pro se* "Motion to Order Show Cause for an [sic] Preliminary Injunction @ a Temporary Restraining Order," and his declaration, ECF No. 11. Specifically, Plaintiff seeks to enjoin his cell confinement of 22 hours per day and his restricted phone access of two hours per day at the Spokane County Jail. He also seeks to enjoin persons who are not named as Defendants to this action from issuing death threats, harassing and retaliating against him.

Plaintiff is currently housed at the Lincoln County Jail. ECF No. 13. His

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF -- 1

request for injunctive relief against Defendants at the Spokane County Jail is rendered moot by his transfer to another facility. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1990); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).

In accompanying and subsequent ex parte communications, Plaintiff requests a transfer, acknowledges his transfer to another jail, and asks not to be returned to the Spokane County Jail for any reason, claiming the conditions at that facility "make defending [his] case unreasonably difficult." ECF Nos. 12, 13 and 14. Plaintiff also states that he "fear[s] for [his] own life, safety, and wellbeing" because of indirect statements allegedly made by correctional officers at the Spokane County Jail. *Id*.

Plaintiff is advised that it is improper to correspond directly with a judicial officer. If he wishes to make a request of the Court, he must do so in the form of a motion which is properly noted for hearing as required by LCivR 7.1, Local Civil Rules for the Eastern District of Washington.

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626, a plaintiff is not entitled to prospective relief unless a court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF -- 2

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984).

The same legal standard applies to an application for a Temporary Restraining Order ("TRO") and a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief [.]" *Winter*, 555 U.S. at 22. The moving party bears the burden of meeting all prongs of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Here, Plaintiff has demonstrated neither a likelihood of success on the merits nor that he will suffer irreparable harm in the absence of a TRO. As set forth in the Order to Amend or Voluntarily Dismiss, his allegations are insufficient to state a constitutional violation. His assertions of anticipated future harm are speculative.

At this time, **IT IS ORDERED** that Plaintiff's "Motion to Order Show Cause for an [sic] Preliminary Injunction @ a Temporary Restraining Order," **ECF**

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF -- 3

**No. 11**, is **DENIED.**

**IT IS SO ORDERED**.  The Clerk of Court is directed to enter this Order and forward a copy to Plaintiff.

**DATED** October 3, 2019.

                                                *s/ Rosanna Malouf Peterson*
                                                ROSANNA MALOUF PETERSON
                                                    United States District Judge